UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS AKAAZUA,

        Plaintiff,                                  Hon. Janet T. Neff

v.                                                    Case No. 1:19-CV-31

WALKER NOVAK
LEGAL GROUP, LLC, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

        This matter is before the Court on <u>Plaintiff's Motion for Temporary Restraining Order</u>. (ECF No. 1). Plaintiff filed this action in state court challenging the foreclosure of rental property he owns. As part of his complaint, Plaintiff requests a temporary restraining order preventing the foreclosure sale of the property in question. The case was subsequently removed to this Court. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**.

        Injunctive relief is "an extraordinary remedy which should be granted only if. . .the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001). If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000). Rather than prerequisites

which must each be satisfied, the relevant factors, none of which are dispositive, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118.

While Plaintiff repeatedly concludes that he is entitled to relief, he has failed to present evidence suggesting that he is likely to prevail on the merits of his claims. Plaintiff has likewise not demonstrated that he is threatened by an injury for which he has no adequate legal remedy. Plaintiff does not reside in the property in question and, therefore, does not face eviction or homelessness. Moreover, Plaintiff has failed to demonstrate that any injuries he may suffer in this matter cannot be adequately addressed through money damages and/or redemption of the property in question. The remaining factors likewise do not weigh in favor of Plaintiff's request.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Temporary Restraining Order, (ECF No. 1), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: January 23, 2019        /s/ Ellen S. Carmody
                               ELLEN S. CARMODY
                               U.S. Magistrate Judge