UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS AKAAZUA,

       Plaintiff,                           Hon. Janet T. Neff

v.                                             Case No. 1:19-CV-31

WALKER NOVAK
LEGAL GROUP, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion to Dismiss, (ECF No. 9), and Defendant's Motion to Dismiss, (ECF No. 11). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motions both be **granted**.

On or about December 11 2018, Plaintiff initiated an action in state court against the following entities: (1) Walker Novak Legal Group, LLC; (2) Home Loan Corporation; (3) Imperial Valley Properties LLC; (4) Bucher & Cameron, LLP; (5) Mortgage Electronic Registration Systems, Inc. (MERS); (6) All State Mortgage; and (7) TM Property Solutions LLC. (ECF No. 1-1 at PageID.23-43). Plaintiff initiated this action alleging violations of the federal Truth in Lending Act, as well as various state law provisions, arising from the foreclosure and pending sale of certain real property.

On January 14, 2019, Defendants Walker Novak, Imperial Valley, Bucher & Cameron, and MERS removed the matter to this Court. (ECF No. 1). These defendants have all since filed motions to dismiss for failure to state a claim on which relief may be granted. (ECF No. 9-11). While Plaintiff has responded to the motions filed by Defendants Walker Novak and Bucher &

Cameron, (ECF No. 10), Plaintiff has failed to respond to the motions filed by Defendants MERS and Imperial Valley. (ECF No. 9, 11).[1]  These latter motions were served on Plaintiff on January 21, 2019, and January 22, 2019, respectively.  (ECF No. 9 at PageID.207; ECF No. 11 at PageID.308).  Plaintiff was required to respond to these motions "within twenty-eight (28) days after service of the motion."  W.D. Mich. LCivR 7.2(c).  Thus, Plaintiff's responses to the motions filed by Defendants MERS and Imperial Valley were due no later than February 18, 2019, and February 19, 2019, respectively.

While Plaintiff is representing himself, pro se litigants are "still required to follow the rules of civil procedure and easily-understood Court deadlines."  *Ciavone v. McKee*, 2009 WL 2959737 at *6 (W.D. Mich., Sept. 10, 2009).  Failure by a plaintiff to respond to a motion to dismiss constitutes a forfeiture of the claims to which the motion is addressed.  *See Notredan, L.L.C. v. Old Republic Exchange Facilitator Co.*, 531 Fed. Appx. 567, 569 (6th Cir., July 29, 2013) (failure to respond to an argument that a claim is subject to dismissal "amounts to a forfeiture of [such] claim").  Likewise, opposition to a motion to dismiss is waived, and dismissal appropriate, where the plaintiff fails to respond thereto.  *See Humphrey v. United States Attorney General's Office*, 279 Fed. Appx. 328, 331 (6th Cir., May 15, 2008) ("if a plaintiff fails to respond or otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion"); *Allen v. NCL America LLC*, 741 Fed. Appx. 292, 295-96 (6th Cir., July 10, 2018) (by failing to respond to motion to dismiss, plaintiff waived opposition thereto); *Moody v. CitiMortgage, Inc.*, 32 F.Supp.3d 869, 875 (W.D. Mich. 2014) ("[a] plaintiff must oppose a defendant's motion to dismiss or otherwise

---

[1] Plaintiff has moved to strike the motions filed by Defendants Walker Novak and Bucher & Cameron.  (ECF No. 14, 16).  Given the content of these pleadings, the Court finds such are properly considered responses to the defendants' motions to dismiss.

respond or he waives opposition to the motion"); *Thorn v. Medtronic Sofamor Danek, USA, Inc.*, 81 F.Supp.3d 619, 631 (W.D. Mich. 2015) (same).

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant's Motion to Dismiss, (ECF No. 9), and Defendant's Motion to Dismiss, (ECF No. 11), be **granted**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: March 6, 2019    /s/ Ellen S. Carmody
ELLEN S. CARMODY
U.S. Magistrate Judge