UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS AKAAZUA,

        Plaintiff,                            Hon. Janet T. Neff

v.                                                Case No. 1:19-CV-31

WALKER NOVAK
LEGAL GROUP, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Corrected Motion to Dismiss, (ECF No. 10), Plaintiff's Motions to Strike, (ECF No. 14, 16), and Plaintiff's Motion to Remand, (ECF No. 18). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' Motion to Dismiss be **granted**, Plaintiff's Motions to Strike be **granted in part and denied in part**, and Plaintiff's Motion to Remand be **denied**.

## BACKGROUND

This action arises out of the foreclosure and sale of real property located at 931-933 Alexander Street, SE, Grand Rapids, Michigan. On or about December 11 2018, Plaintiff initiated an action in state court against the following entities: (1) Walker Novak Legal Group, LLC; (2) Home Loan Corporation; (3) Imperial Valley Properties LLC; (4) Bucher & Cameron, LLP; (5) Mortgage Electronic Registration Systems, Inc. (MERS); (6) All State Mortgage; and (7) TM Property Solutions LLC. (ECF No. 1-1 at PageID.23-43). Plaintiff alleges violations of the federal Truth in Lending Act, as well as various state law provisions. On January 14, 2019, the matter was removed to this Court. Defendants Walker Novak and Bucher & Cameron now move to dismiss Plaintiff's claims.

Plaintiff moves the Court to remand this matter to state court.

## ANALYSIS

**I.        Motion to Remand**   (ECF No. 18)

In their Notice of Removal, Defendants indicated that they were removing this matter to "the United States District Court for the Western District of Michigan, Southern Division." (ECF No. 1 at PageID.2). Plaintiff argues that this matter must be remanded to state court because the venue identified by Defendants "is the incorrect federal court." Plaintiff argues that there exists a distinction between a "United States District Court" and a "district court of the united states." According to Plaintiff, the present case is properly removable only to a "district court of the united states," but not to a "United States District Court." Plaintiff concludes, therefore, that because Defendants removed this matter to a "United States District Court," remand is required. Plaintiff's argument is frivolous and is not supported by any authority cited by Plaintiff or known to this Court. Accordingly, the undersigned recommends that Plaintiff's motion to remand be denied.

**II.       Motions to Strike**   (ECF No. 14 and 16)

Plaintiff responded to the present motion to dismiss filed by Defendants Walker Novak or Bucher & Cameron by filing two separate motions to strike. To the extent Plaintiff seeks to strike Defendants' motion to strike, the undersigned recommends that such be denied as frivolous. The Court will, however, consider Plaintiff's motions as responses to Defendants' motion to dismiss.

**III.      Motion to Dismiss**

In his complaint, Plaintiff makes no factual allegations against Defendants Walker Novak or Bucher & Cameron which, if proven, state a claim for relief. Plaintiff merely alleges that Defendants represented an entity, Imperial Valleys Properties, LLC, to which Plaintiff's mortgage was

allegedly assigned and which ultimately foreclosed on the property in question.  Such simply fails to state a claim.  *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009); *Frazier v. Michigan*, 41 Fed. Appx. 762, 764 (6th Cir., July 22, 2002) ("a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights"); *Conlin v. Mortgage Electronic Registration Systems, Inc.*, 2011 WL 6440705 at *1 (E.D. Mich., Dec. 16, 2011) ("a plaintiff does not have a cause of action against foreclosure counsel", but must instead seek relief from the individual or entity whom counsel represents).  Accordingly, the undersigned recommends that Defendants' motion to dismiss be granted.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Plaintiff's Motion to Remand</u>, (ECF No. 18), be **denied**; Plaintiff's Motions to Strike, (ECF No. 14, 16), be **granted in part and denied in part**, and <u>Defendants' Corrected Motion to Dismiss</u>, (ECF No. 10), be **granted**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                                Respectfully submitted,

Dated: June 21, 2019                                                      /s/ Ellen S. Carmody
                                                                         ELLEN S. CARMODY
                                                                         U.S. Magistrate Judge